CHAMBERS OF
**STEPHANIE A. GALLAGHER**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 23, 2013

LETTER TO COUNSEL:

RE:     *Victoria Ann Powell v. Commissioner, Social Security Administration*;
        Civil No. SAG-11-790

Dear Counsel:

On March 28, 2011, the Plaintiff, Victoria Ann Powell, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Powell filed her claims for benefits on April 5 and 7, 2008, claiming disability beginning on December 2, 2007. (Tr. 132-45). For the purposes of DIB, her date last insured was March 31, 2009, so she needed to establish disability on or before that date. (Tr. 44). Her claim was denied initially and on reconsideration. (Tr. 84-88, 91-94). An Administrative Law Judge ("ALJ") held a hearing on November 4, 2009. (Tr. 40-77). Following the hearing, on December 29, 2009, an ALJ determined that Ms. Powell was not disabled during the relevant time frame. (Tr. 21-39). The Appeals Council denied Ms. Powell's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Powell suffered from the severe impairments of osteoarthritis of the bilateral knees, degenerative disc disease of the lumbar spine, and affective disorder, and substance abuse. (Tr. 27). Despite these impairments, the ALJ determined that Ms. Powell retained the residual functional capacity ("RFC") to:

[P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb, balance, stoop, kneel, crouch, and crawl but she cannot climb ropes, ladders, or scaffolds. Nonexertionally, she can perform simple unskilled tasks that do not require more than occasional one-on-one

contact with the general public.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Powell could perform work existing in significant numbers in the national economy, prior and subsequent to her date last insured, and that she was therefore not disabled during that time frame. (Tr. 31-32).

On appeal, Ms. Powell argues that: (1) the ALJ failed to properly develop the administrative record by declining to order a consultative exam, and (2) the ALJ erroneously assessed her RFC. Both arguments lack merit.

First, Ms. Powell contends that the ALJ erred in not ordering a consultative exam to determine the severity of her cognitive limitations. (Pl. Mot. 3-6). Ms. Powell argues that the SSA regulations established the ALJ's duty to obtain a psychological consultative exam in order to adjudicate Ms. Powell's case. However, "the regulations state that the ALJ has discretion in deciding whether to order a consultative examination." *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003); *see also* 20 C.F.R. §§ 404.1519a, 416.919a (2002). A consultative exam is only needed when the evidentiary record before the ALJ is inadequate. *France v. Apfel*, 87 F. Supp. 2d 484, 489-90 (D. Md. 2000). A CE may be used to "resolve any conflicts or ambiguities within the record" or "to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." *Kersey v. Astrue*, 614 F. Supp. 2d 679, 693 (W.D. Va. 2009); *see also* 20 C.F.R. §§ 404.1519a(a)(2), 416.919a(a)(2) (2012). In June 2008, consultative examiner Dr. Daniel Freedendburg found that despite some scattered answers, Ms. Powell was "alert and oriented to time, place and person, memory, attention, and concentration." (Tr. 322). The ALJ referenced treatment records indicating that Ms. Powell's memory and cognitive functioning were intact, and that she was alert and oriented on mental examination. (Tr. 262, 278, 440, 443, 455, 469, 476, 479). The ALJ noted that Ms. Powell's social worker therapist assessed her intelligence as average. (Tr. 30, 500). Likewise, psychiatric consultant Dr. Wessel found that Ms. Powell could "meet various personal needs from a mental and cognitive standpoint" and that she had the mental functional capacity to complete work-related functions in a competitive employment environment. (Tr. 352). Ms. Powell made inconsistent statements as to whether she was in special education classes during her schooling, and her reported daily activities demonstrated normal cognitive functioning. (Tr. 24, 28, 30-31). The record before the ALJ was adequate to support her conclusions regarding Ms. Powell's cognitive impairments.

Second, Ms. Powell alleges that the ALJ erred in the RFC determination by failing to include a function-by-function narrative and by omitting Dr. Martin Gallagher's recommended restrictions. As to the sufficiency of the RFC analysis, the ALJ provided a three-page written narrative on the RFC alone, in which she summarized Ms. Powell's written statements and hearing testimony, made a credibility determination, reviewed the lack of evidence pertaining to Ms. Powell's alleged problems with reaching and sitting, detailed Ms. Powell's robust activities of daily living, reviewed the evidence related to any mental limitations, and weighed the opinion

evidence. (Tr. 28-31). Ms. Powell's recycled, boilerplate argument is therefore entirely inapplicable in this case.

Ms. Powell next argues that the ALJ failed to adequately consider Dr. Gallagher's opinion. The ALJ gave Dr. Gallagher's[1] opinion on the extent of Ms. Powell's disability "some" weight, but noted that it was "inconsistent with other treatment records, the objective findings, and the claimant's admitted daily activities and thus not entitled to controlling weight." (Tr. 31). Ms. Powell does not detail how the extreme limitations opined by Dr. Gallagher, such as her being mild to moderately mentally retarded and "virtually untrainable [sic][,]" (Tr. 310), were supported by objective medical evidence. In contrast, consultative examiner Dr. Koduah Peprah found that Ms. Powell had "no apparent focal neurological deficits" and had "insight into her problems." (Tr. 315). The ALJ limited Ms. Powell to sedentary, unskilled work with only occasional one-on-one contact with the general public, and thus incorporated those exertional and nonexertional limitations supported by the record. In assigning "some" weight to Dr. Gallagher's opinion, the ALJ was not mandated to explicitly include any one of the restrictions he recommended. I find the ALJ's decision to assign lesser weight to Dr. Gallagher's opinion and her ultimate RFC determination were supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] The ALJ incorrectly referred to Dr. Gallagher as "Dr. Martin Gall." (Tr. 31).